Oliver McCLUNG, Clarence McClung, Clara Cannon, Mary Fields, Irvin Lee McClung, and Joseph Lee McClung, Appellants,

v.

Robinson J. McCLUNG and Ethel McClung, Respondents.

No. 10930.

Missouri Court of Appeals, Southern District, Division Three.

July 26, 1979.

Motion for Rehearing or to Transfer Denied Aug. 27, 1979.

Paul McGhee, Dexter, for appellants.

C. A. Powell, Powell, Ringer & Ringer, Dexter, for respondents.

## PER CURIAM.

The six plaintiffs sued their brother Robinson J. McClung ("Robinson") and his wife. The petition sought a judgment declaring that Robinson held title to a described tract of land as constructive trustee, it being the position of plaintiffs that they and Robinson each were entitled to an undivided ⅐ interest in the land. The petition sought several types of relief including an order requiring defendants to convey to each plaintiff an undivided ⅐ interest.

The mother of Robinson and the plaintiffs was Leona McClung ("Leona") and their grandmother was Annie Laura Browning ("Annie"). The land was owned by Annie, who died testate on March 13, 1967, leaving only one child, Leona, who died in 1973. The will of Annie contained bequests of $1.00 to each of the plaintiffs and to Leona. The residue, including the land, was bequeathed to Robinson.

The petition alleged that immediately following Annie's funeral a family conference was held during the course of which Robinson promised Leona that if she would not institute an action challenging the validity of Annie's will, he, Robinson, would "hold the land for the use and benefit of plaintiffs and himself and upon the death of Leona would equally divide the land among the seven children of Leona." The petition further alleged that Leona "did forbear from prosecuting an action to contest said will and surrendered her right to bring such action"; that after Leona's death plaintiffs

demanded "that defendants perform under said contract"; and that the defendants refused to convey to plaintiffs "their part" of the land.

The trial court, sitting without a jury, entered judgment in favor of the defendants. Plaintiffs appeal.

The main "point relied on" advanced by plaintiffs is, in essence, that the judgment of the trial court "is against the weight of the evidence" and that the "persuasive evidence" was that adduced by plaintiffs.

Plaintiffs presented the testimony of four witnesses (three of them were plaintiffs and the fourth was the husband of a plaintiff) who gave somewhat varying accounts of the contents of the statements allegedly made by Robinson at the family conference. None of those witnesses attributed to Robinson the precise statement which the petition attributed to him.

Robinson, his wife (and co-defendant), and his son testified, in essence, that Robinson made no statement of any kind concerning the matter.

The trial court made no express finding concerning the issues of whether Robinson made any statement and, if he made one, what it was. Neither side availed itself of that portion of Rule 73.01(1)[1] which permits counsel to request the court to make findings "on such controverted fact issues as have been specified by counsel." The rule also provides: "All fact issues upon which no specific findings are made shall be considered as having been found in accordance with the result reached."

█ "Appellate courts should exercise the power to set aside a decree or judgment on the ground that it is 'against the weight of the evidence' with caution and with a firm belief that the decree or judgment is wrong." *Murphy v. Carron*, 536 S.W.2d 30, 32[2] (Mo. banc 1976). A careful review by this court of the transcript in light of the briefs does not produce such "firm belief."

---

1. Unless otherwise indicated all references to rules are to Missouri Rules of Court, V.A.M.R.

█ This court determines that the following circumstances exist and are dispositive of this appeal: The judgment of the trial court is reviewable under Rule 73.01, is supported by substantial evidence and is not against the weight of the evidence, and an opinion would have no precedential value.

After the briefs were filed in this court, defendants filed a "Motion to Assess Additional Damages" under Rule 84.19. The motion is denied.

In compliance with Rule 84.16 the judgment is affirmed.

All of the Judges concur except BILLINGS, J., who did not sit or participate in determination of this cause.